# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

LEAREEN HUFFMAN WRIGHT and
JAMES OTIS WRIGHT,

    Debtors.

Case No. 05-34240-DHW
Chapter 13

## MEMORANDUM OPINION

Centrix Funds Series CLPF ("Centrix") filed an objection on January 12, 2006 to confirmation of the chapter 13 plan proposed by the debtors. At issue is whether under the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. No. 109-8) ("BAPCPA") the plan may modify the contractual interest rate applicable to the creditor's secured claim.

### Jurisdiction

The court's jurisdiction in this matter stems from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring all title 11 matters to this court. Further, because the issue concerns the confirmation of a plan, this is a core proceeding under 28 U.S.C. § 157(b)(2)(L), thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Factual Findings

The facts are undisputed. On May 29, 2004, the debtors purchased a 2004 Nissan Altima. The purchase price of the vehicle was financed by Centrix, and Centrix took a security interest in the vehicle.

On December 5, 2005, the debtors filed this chapter 13 case. The plan treats the claim of Centrix as fully secured. Further, the

plan provides that Centrix will be paid interest on its claim at the rate of 7.75%.

Centrix filed a proof of claim totaling $18,747.38. The claim reflects a contract interest rate of 17.90%.

Conclusions of Law

Centrix contends that it is entitled to the 17.90% contract interest rate on its secured claim. The court disagrees.

If a debtor retains lien-encumbered property under a chapter 13 plan and pays the underlying secured claim in deferred installments, the creditor is entitled to interest on the secured claim. The Code provides:

> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

11 U.S.C. § 1325(a)(5)(B)(ii).

The Supreme Court in *Till v. SCS Credit Corporation*, 541 U.S. 465, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004) addressed the issue of the appropriate rate of interest to be applied under § 1325(a)(5)(B)(ii). There the Court held that the so-called formula approach, which starts with the prime national interest rate and adjusts for risk of nonpayment, is the appropriate method in determining the adequate interest rate to be paid on secured claims. *Id.* at 478-80. In so doing, the Court specifically rejected the presumptive contract interest rate approach as the proper method to determine § 1325(a)(5)(B)(ii) interest. *Id.* at 477.

Centrix contends that under the facts in this case *Till* no longer applies. First, Centrix maintains that *Till* is applicable only to

2

chapter 13 plans that are "crammed down." Centrix reasons that because its claim in this case is fully secured, this is not a "cram down" case. Centrix, however, confuses the term "cram down" with the term "strip down."

"Cram down" is a term that refers to confirmation of a chapter 13 plan over the objection of the holder of a claim. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 957, 117 S. Ct. 1879, 138 L. Ed. 2d 148 (1997). The term "strip down" refers to the bifurcation of a claim into its secured and unsecured components under 11 U.S.C. § 506. The secured claim is said to be stripped down to the value of the collateral.

Although *Till* interpreted 11 U.S.C. § 1325(a)(5)(B)(ii) in a case involving the strip down of a secured claim, the statute itself is broader and applies to all cram down cases. Hence, the decision in *Till* is not confined merely to those cases where the value of the collateral is less than the creditor's claim. Rather, *Till* applies in all chapter 13 cases which are being confirmed over the objection of a secured creditor irrespective of the value of its collateral in relation to the amount of its claim.

Secondly, Centrix contends that *Till* has been abrogated by the BAPCPA amendments. The relevant text of the statute now provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in Section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period

3

preceding that filing.

11 U.S.C. § 1325(a)(hanging, unnumbered paragraph at the end of the subsection). Centrix contends that this provision prevents any modification of its contractual rights, including the interest rate. The court disagrees.

This new provision prohibits the application of § 506 to the claims of secured creditors having a purchase-money security interest in a debtor's personal vehicle if the debt was incurred within 910 days prior to bankruptcy. Simply put, the claims of these creditors must be treated as fully secured under the plan. However, this restriction on bifurcation does not protect these creditors from modification of other contractual rights.

The BAPCPA amendments to § 1325 simply do not address the issue of the appropriate interest rate applicable to secured claims under § 1325(a)(5)(B)(ii). Thus, *Till* has not been abrogated by the BAPCPA amendments.

Had Congress intended to create a complete safe harbor for the automobile lender with a purchase-money security interest, it could have expressly done so, but it did not. Indeed, the law permits modification of the rights of secured creditors. The only complete safe harbor from any modification is that provided to home mortgagees under 11 U.S.C. § 1322(b)(2). *See* In re Robinson, 2006 WL 349801 (Bankr. W.D. Mo. 2006); *In re Johnson*, 2006 WL 270231 (Bankr. M.D. N.C. 2006).

Conclusion

For the foregoing reasons the court concludes that the plan may properly modify the contract interest rate applicable to the secured claim of Centrix. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter overruling Centrix's objection to confirmation of the plan.

4

Done this the 28th day of February, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Earl Gillian, Jr., Attorney for Debtors
Michael E. Bybee, Attorney for Centrix
Curtis C. Reding, Chapter 13 Trustee